**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4756

DAMON EMANUEL ELLIOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-97-53)

Submitted: June 30, 1998

Decided: August 5, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard I. Kovelant, Laurel, Maryland; Douglas Clark Hollmann,
Annapolis, Maryland, for Appellant. Lynne A. Battaglia, United
States Attorney, John V. Geise, Assistant United States Attorney,
Ranganath Manthripragada, Assistant United States Attorney, Green-
belt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Damon Elliott was convicted of attempted aggravated sexual abuse in violation of 18 U.S.C. § 2241 (1994), and sentenced to 189 months' imprisonment. On appeal, he alleges a violation of the Speedy Trial Act and insufficiency of evidence to support the jury's verdict. He further maintains that he was prejudiced because he was not arraigned until the first day of his trial. Finding no reversible error, we affirm.

The evidence at trial disclosed that Elliott was a casual friend of the victim, Yolanda Clark, who was 16 at the time of the offense. Clark lived with her aunt, Barbara Hughes, and Ms. Hughes' two children, Derrick, 11, and Christy, 23. On January 21, 1997, Elliott called Clark, who was alone with Derrick, and indicated that he was going to come to Hughes' residence. Clark replied, "whatever." Later that evening, Derrick unexpectedly found Elliott in Clark's bedroom. At his request, Clark prepared Elliott something to eat, and shortly thereafter Clark and Derrick followed Elliott upstairs into her bedroom. At Elliott's direction, Derrick went downstairs.

Alone with Clark in her bedroom, Elliott began yelling at Clark for "disrespecting" him and striking her with a closed fist. He then pushed her onto the bed and began removing her clothes, despite her pleas to stop. He then pulled down his pants and placed his penis in her vagina. At this time the phone rang. Pushing Elliott off of her, Clark answered the phone, and crying, told her cousin, Christy, who was on the phone, to come home. Elliott grabbed the phone and pulled the cord out of the wall. He then pushed Clark's head into the wall and began choking her with a pillow over her face. Elliott then exited through the bedroom window. Within minutes, Clark's cousin Christy, the paramedics, and the police arrived. Clark was then taken to the hospital. Several witnesses testified consistently with Clark's testimony.

2

Elliott was indicted on February 24, 1997, on one count of forcibly causing another person to engage in a sexual act in violation of 18 U.S.C. § 2241 (1994) and was later arraigned. On March 31, 1997, the grand jury returned a superseding indictment charging him with two additional counts, attempting to commit the offense charged in the first count, also in violation of 18 U.S.C.§ 2241, and knowingly engaging in sexual conduct with another person by the use of force in violation of 18 U.S.C. § 2241(a)(1) (1994). Trial was initially set for May 20, 1997. On the government's motion, however, the court continued the trial to July 22, 1997, to allow time for DNA tests of fluid and hair samples taken from Elliott and Clark. By order dated April 22, 1997, the court directed that the period of time between the Government's motion and the new trial date be excluded for speedy trial purposes. On July 17, 1997, the court again reset the trial to August 26, 1997. On July 29, 1997, the Government moved for discovery. Trial commenced on August 26, 1997, at which time Elliott was arraigned on the superseding indictment. The jury found Elliott guilty on count two, attempting to forcibly cause another person to engage in a sexual act.

Elliott first alleges that the court failed to try him within seventy days of his indictment in violation of the Speedy Trial Act, 18 U.S.C. § 3161 (1994). This claim lacks merit, however, because the failure to move for dismissal on this basis prior to trial or a plea of guilty constitutes a waiver of that right under the Act. See 18 U.S.C. § 3162(a)(2) (1994). In any event, our computation of the number of days that elapsed between indictment and trial, allowing for the various exclusions allowed under the Act, reveals that Elliott was brought to trial within the requisite period of time. Accordingly, we find no plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993).

Elliott further claims that he was prejudiced because he was not arraigned on the superseding indictment until the first day of his trial. Although Fed. R. Crim. P. 10 provides rules regarding the arraignment of a defendant, it does not, nor does any other authority that we can find, suggest that it has to take place at a certain time. In fact, even where there is a failure to arraign a defendant on a superseding indictment, there is no reversible error absent a showing that the defendant was in some way prejudiced. See United States v. Correa-Ventura, 6 F.3d 1070, 1073 (5th Cir. 1993). Given defense counsel's

own admission that the superseding indictment did not change the defense in any way and the fact that a jury could have found Elliott guilty of attempted rape, a lesser included offense of the offense originally charged, see Fed. R. Crim. P. 31(c), we find that Elliott was not prejudiced by the court's failure to arraign him on the superseding indictment until immediately before the trial. Hence, we find no reversible error.*

Lastly, Elliott asserts that the evidence was insufficient to support the jury's guilty verdict. On direct appeal of a criminal conviction, a verdict must be sustained if there is substantial evidence, viewed in the light most favorable to the Government, to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). As a threshold matter, credibility determinations are solely within the jury's province and are not subject to appellate review. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996), cert. denied, #6D 6D6D# U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). After reviewing the record and the testimony of the victim and the other witnesses, we find ample evidence to support the jury's verdict. Accordingly, we affirm Elliott's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*Elliott also alleges ineffective assistance of counsel based on his lawyer's failure to move for dismissal under the Speedy Trial Act and his acknowledgement of the lack of prejudice from the late arraignment. Because the record does not conclusively demonstrate ineffective assistance of counsel, we leave this claim to factual development on collateral review. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992).

4